

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

YARRELL REAL and ANGELIQUE BARNETT, Propria Persona,

Plaintiffs,

v.

THE STATE OF WEST VIRGINIA,

Jackson County Prosecuting Attorney, e.g., David Kyle Moore, in his official capacity,

and RICHARD T. TATTERSON, Circuit Court Judge,

and any other applicable defendants, such as the West Virginia State Bar Association or relevant law enforcement agencies,

Defendants.

2:25-cv-00176

Case No.: 2:25-cv-00132

**JURY TRIAL DEMANDED**

CIVIL COMPLAINT

(Challenging the Order Enjoining "Yarrell Real" from Filing Motions/Pleadings)

I. INTRODUCTION

1. Plaintiffs, YARRELL REAL and ANGELIQUE BARNETT (collectively, "Plaintiffs"), bring this action to challenge an order issued by the Jackson County Circuit Court on March 14, 2025, which enjoins "Yarrell Real" from filing any motions or pleadings in the matter of State of West Virginia v. BELL, JAYLEN DALAINO, Case No. CC-18-2022-F-50.

2. Plaintiffs contend that the order is wrongful and an abuse of judicial authority, as it prevents them—acting under valid Power of Attorney and in their capacity as concerned representatives—from filing necessary documents to protect the rights of the defendant BELL, JAYLEN DALAINO and to seek redress for constitutional violations.

3. This complaint asserts that the order violates Plaintiffs' due process rights and constitutes an impermissible restriction on access to the courts.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 42 U.S.C. § 1983, as Plaintiffs' claims arise under the United States Constitution and federal law.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred within the Southern District of West Virginia, and the order was issued by a West Virginia court.

6. Defendants, as state officials and state-created entities, are subject to the jurisdiction of this Court pursuant to applicable West Virginia law and federal law.

## III. PARTIES

7. Plaintiff YARRELL REAL is domiciled in Florida (with evidence of domicile provided) and, under valid Power of Attorney in West Virginia, has acted on behalf of her son, BELL, JAYLEN DALAINO.

8. Plaintiff ANGELIQUE BARNETT is a resident of Morgantown, West Virginia or applicable jurisdiction and has been directly affected by the wrongful order that impedes the representation of BELL, JAYLEN DALAINO in his criminal case.

9. Defendant 1 – The State of West Virginia is a state entity responsible for enforcing state law and ensuring constitutional due process.

10. Defendant 2 – [Name of the Prosecuting Attorney, e.g., David Kyle Moore] is the Jackson County Prosecuting Attorney, who, in his official capacity, participated in seeking the order.

11. Defendant 3 – R. Craig Tatterson, the Circuit Court Judge who issued the order, whose actions Plaintiffs contend are arbitrary and violative of due process.

12. Defendant 4 – George J. Cosenza, Michael Carey, Andrew Courtenay Craig, John J. Balenovich retained attorneys also one forced public defender.

## IV. FACTUAL ALLEGATIONS

13. On March 14, 2025, the Jackson County Circuit Court issued an order (Ref. Code: 25SD8ACQX) enjoining "Yarrell Real"—a designation under which Plaintiff [or her agent acting on behalf of BELL, JAYLEN DALAINO had been filing motions and pleadings—from further participation in the case.

14. Plaintiffs allege that "Yarrell Real" "Angelique Barnett" represents filings made by YARRELL REAL also ANGELIQUE BARNETT (and/or by extension, her authorized representative role under Power of Attorney) to protect the constitutional rights of BELL, JAYLEN DALAINO in his criminal proceedings.

15. The order was predicated solely on the assertion that "Yarrell Real" "Angelique Barnett" is not a licensed attorney and therefore lacks standing to file motions. Plaintiffs contend that such an interpretation is inconsistent with the rights granted by valid Power of Attorney, particularly in matters where a concerned parent and fiancée are seeking to protect the due process rights of the defendant.

16. Plaintiffs further allege that by enjoining "Yarrell Real" "Angelique Barnett" from filing motions or pleadings, the Court has unlawfully restricted Plaintiffs' access to the judicial system, thereby preventing the presentation of necessary motions that address alleged constitutional violations, judicial misconduct, and procedural improprieties in the underlying criminal case.

17. As a direct result of the order, Plaintiffs have suffered and continue to suffer significant emotional distress, frustration, and financial harm associated with the inability to advocate effectively on behalf of BELL, JAYLEN DALAINO.

## V. CAUSES OF ACTION

Count I – Violation of Due Process Under 42 U.S.C. § 1983

18. Plaintiffs reassert and incorporate by reference paragraphs 1 through 17.

19. Defendants, acting under color of state law, have deprived Plaintiffs of their constitutional right to due process by issuing an order that prevents them from filing necessary motions to challenge wrongful detention, judicial misconduct, and other constitutional violations affecting BELL, JAYLEN DALAINO.

20. This deprivation of due process constitutes a violation of Plaintiffs' rights under the Fifth and Fourteenth Amendments.

Count II – Abuse of Judicial Authority

21. Plaintiffs reassert and incorporate by reference paragraphs 1 through 17.

22. The order enjoining "Yarrell Real" "Angelique Barnett" from filing motions or pleadings is arbitrary, capricious, and constitutes an abuse of the Court's authority.

23. By preventing Plaintiffs from using their authorized representative role to file motions, Defendants have effectively obstructed Plaintiffs' access to the courts and denied them the opportunity to seek redress for constitutional violations.

24. Such an abuse of judicial authority is actionable under federal civil rights law and West Virginia state law.

### Count III – Injunctive Relief

25. Plaintiffs reassert and incorporate by reference paragraphs 1 through 17.

26. Plaintiffs request that this Court issue a permanent injunction enjoining Defendants from enforcing the order that restricts "Yarrell Real" "Angelique Barnett" from filing motions or pleadings, thereby restoring Plaintiffs' right to represent BELL, JAYLEN DALAINO through their authorized Power of Attorney.

27. Plaintiffs further request that the Court order Defendants to reinstate any filings made by Plaintiffs that were previously rejected solely on the basis of the order, and to provide a mechanism for the filing of motions on behalf of BELL, JAYLEN DALAINO without further arbitrary restriction.

### VI. PRAYER FOR RELIEF

**WHEREFORE, Plaintiffs respectfully request that this Court:**

A. Issue a declaratory judgment declaring that the order enjoining "Yarrell Real" "Angelique Barnett "from filing motions or pleadings in this case violates Plaintiffs' constitutional rights to due process and access to the courts.

B. Grant a permanent injunction prohibiting Defendants from enforcing the order and requiring the reinstatement of Plaintiffs' filings made on behalf of BELL, JAYLEN DALAINO under valid Power of Attorney.

C. Award compensatory damages for the emotional distress, financial harm, and other injuries suffered by Plaintiffs as a result of Defendants' actions.

D. Award punitive damages as appropriate to deter future abuses of judicial authority.

E. Award Plaintiffs their reasonable costs and attorney's fees incurred in bringing this action.

F. Grant such other and further relief as this Court deems just and proper.

**VII. JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

By: *Yarrell Real*
YARRELL, REAL
Propria Persona
c/o 19211 Panam City Beach Pkwy #2014
P.C.B. Florida 32417
850.666.0072
Yarrellreal@protonmail.com

By: *Angely Barnett*
Angelique Barnett
Propria Persona
c/o 567 Dupont Rd # 5
Morgantown, West Virginia 26501
304.288.8345
ABarnettt9611@gmail.com

March 17, 2025